IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:23cr58-MHT** |
| | ) | **(WO)** |
| **JAMES GLOVER** | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant James Glover. For the reasons set forth below, the court finds that jury selection and trial, now set for June 5, 2023, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>    from the date the defendant has appeared
>    before a judicial officer of the court in
>    which such charge is pending, whichever date
>    last occurs."

§ 3161(c)(1). It excludes from the 70 days any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).

In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Glover in a speedy trial. Defense counsel represents that the services of an independent expert in fingerprint identification are necessary for effective preparation, and the expert

2

will not be able to access the relevant evidence until May 17, 2023, at the earliest.  The expert will also need additional time to complete a follow-up assessment and, potentially, produce a report.  Defense counsel adds that the parties are "actively discussing" the possibility of resolving this case via a plea deal. The court finds that a continuance is necessary to allow defense counsel reasonable time to effectively prepare for this case and continue to explore the possibility of a plea agreement.  The government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 18) is granted.

(2) The jury selection and trial, now set for June 5, 2023, are reset for July 24, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

4

The United States Magistrate Judge shall postpone the deadline for change of plea and any other appropriate deadlines accordingly.

DONE, this the 16th day of May, 2023.

                                /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**