IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )      CRIMINAL ACTION NO.
     v.                     )          2:23cr58-MHT
                            )              (WO)
JAMES GLOVER                )
```

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant James Glover.  For the reasons set forth below, the court finds that jury selection and trial, now set for July 24, 2023, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

> from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). It excludes from the 70 days any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).

In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this criminal case, the ends of justice served by granting a continuance outweigh the interest of the public and Glover in a speedy trial. Glover's appointed current defense attorney appeared in this case to replace his original attorney on July 3, 2023, the very same day as the

2

deadline for a notice of intent to change plea. The new defense counsel had no opportunity to review case materials, much less discuss the possibility of a plea deal with his client, and so he immediately filed a motion for a continuance, fulfilling his obligations of due diligence. He also represents that he has not yet had sufficient opportunity to review the voluminous discovery in this case or conduct other forms of trial preparation. Because of pre-existing obligations in another criminal case in state court that cannot be rescheduled, defense counsel cannot engage in meaningful preparation of this federal case until mid-August, 2023.

In a hearing on the record on July 10, 2023, the government relayed that it does not oppose the motion for a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 26) is granted.

(2) The jury selection and trial, now set for July 24, 2023, are reset for October 16, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall postpone the deadline for change of plea and any other appropriate deadlines accordingly.

DONE, this the 11th day of July, 2023.

                                 /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**