IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
      v.                    )        2:23cr58-MHT
                            )           (WO)
JAMES GLOVER                )
```

OPINION AND ORDER

On April 22, 2024, defendant James Glover appeared before this court to be sentenced for eight offenses: two counts of postal theft by an employee in violation of 18 U.S.C. § 1709 and six counts of mail fraud in violation of 18 U.S.C. § 1341.  He had pleaded guilty to these offenses during a change-of-plea hearing before a United States Magistrate Judge on October 16, 2023.

During the sentencing hearing on April 24, 2024, Glover made an oral motion to withdraw his guilty plea and proceed to trial.  Federal Rule of Criminal Procedure 11(d) governs when defendants may withdraw their guilty pleas.  Under Rule 11(d)(1), a defendant may withdraw a plea "for any reason or no reason" at

any time "before the court accepts the plea." But once the court accepts the plea, Rule 11(d)(2)(B) requires a defendant who wishes to withdraw a plea to advance "a fair and just reason for requesting the withdrawal."*

The parties struggled during the hearing to determine which of these two provisions under Rule 11 governed Glover's oral motion to withdraw his plea. The critical question was whether the court had 'accepted the plea.' The magistrate judge purported to do so during the change-of-plea hearing, stating that "[t]he plea is ... accepted, and the defendant is now adjudged guilty of [the] offenses." Rough Tr. at 21. But the parties could not point to any Eleventh Circuit precedent addressing whether the magistrate judge had the authority in a felony case to accept the plea for the court, or whether the magistrate judge could only

---

    * Under Rule 11(d)(2)(A), a defendant may also withdraw a plea if the court rejects the plea agreement. Rule 11(d)(2)(A) is not at issue here, as there is no plea agreement in this case.

conduct the plea colloquy and recommend that the district court accept Glover's guilty plea.

The court continued Glover's sentencing mid-proceeding pending resolution of whether he could withdraw his guilty plea. Before doing so, the court encouraged the parties to consult the Eleventh Circuit's decision in *United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (per curiam), as a starting point for their research. The court noted that it was unclear whether *Woodard* resolved whether the magistrate judge could accept Glover's plea for purposes of Rule 11(d).

The parties then submitted briefs addressing that issue, and the court held a status conference on April 24, 2024, to discuss how to proceed. During the status conference, the court explained that the parties had not consulted all of the relevant law. Nor did the parties appreciate that the scope of magistrate judges' authority has become a longstanding, confusing, and divisive issue among the circuit courts. The court now

issues this order to clarify its concerns, order supplemental briefing, and offer guidance about what specific issues the parties' next round of briefs should address.

## I. BACKGROUND

The Federal Magistrates Act (FMA), 28 U.S.C. § 636, enumerates the types of responsibilities that Article III judges can delegate to magistrate judges. Magistrate judges may enter sentences for petty offenses, issue reports and recommendations in pretrial matters, and hold parties in contempt for obstructing justice. Certain delegations are permissible only with the parties' consent. For example, if the parties agree, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Besides these enumerated responsibilities, the FMA contains a catch-all provision, which authorizes Article III judges to

delegate to magistrate judges "such additional duties
as are not inconsistent with the Constitution and laws
of the United States."  28 U.S.C. § 636(b)(3).

The Supreme Court has explained that an Article III
court may delegate a duty to a magistrate judge under
the catch-all provision only if that duty is
"comparable in responsibility and importance" to the
functions enumerated in the FMA.  *Peretz v. United
States*, 501 U.S. 923, 933 (1991).  The 'comparable'
standard is not meant to be overly restrictive.  The
Court has emphasized that Article III courts must be
permitted "to 'continue innovative experimentations' in
the use of magistrates to improve the efficient
administration of the courts' dockets."  *Id.* at 934
(quoting H.R. Rep. No. 94–1609, p. 12 (1976)).  The
Court has also noted that a litigant's consent to a
magistrate judge's authority weighs in favor of the
delegation being appropriate, as "consent significantly
changes the constitutional analysis."  *Peretz*, 501 U.S.
at 932.

5

## *II. THE PARTIES' BRIEFS*

The government has submitted a brief opposing Glover's request to withdraw his plea. The brief mentions only the Eleventh Circuit's decision in *Woodard*, which the court had brought to the government's attention, and does not consider how the Circuit subsequently modified that decision, as the court discusses below.

Glover has submitted a brief claiming that his "plea was not officially accepted, and nothing in the transcript indicates that the Magistrate Judge had preliminarily, provisionally, conditionally, or fully accepted the plea on the record." Def.'s Br. (Doc. 88) at 2. The transcript shows otherwise, as the magistrate judge stated explicitly that she was accepting the plea and adjudicating him guilty. The remainder of Glover's brief discusses the weaknesses in the government's evidence against him, which is not

material to determining which provision of Rule 11(d) governs his request to withdraw his plea.


### III. ELEVENTH CIRCUIT PRECEDENT

The caselaw about whether magistrate judges may accept defendants' guilty pleas in felony cases, in the Eleventh Circuit and nationwide, is, admittedly, difficult to follow. The confusion comes from courts' not always sharply distinguishing between four acts: conducting a plea colloquy, accepting a plea, recommending that the district court accept the plea, and making a final adjudication of guilt. As discussed below, the law is clear that magistrate judges (1) possess the authority to conduct plea colloquies and (2) issue reports and recommendations about a felony defendant's guilt. The law is also clear that magistrate judges lack the authority to (3) make final adjudications of guilt in felony cases. However, courts are inconsistent about which of these three acts

is equivalent to 'accepting a guilty plea' as that
phrase is used in Rule 11(d).

The Eleventh Circuit first attempted to clarify the
scope of magistrate judges' authority over felony plea
proceedings in *United States v. Woodard*, 387 F.3d 1329
(11th Cir. 2004) (per curiam).  There, the defendant
pleaded guilty to a felony before a magistrate judge,
who purported to accept the plea and adjudicate him
guilty.  The defendant then went before a district
court judge for a sentencing hearing, during which he
raised no objections.  He eventually appealed his
conviction, arguing that neither the FMA nor Article
III of the Constitution permitted the magistrate judge
to accept his guilty plea.

The Eleventh Circuit declared that "there was no
error, statutory or constitutional, in the magistrate
judge accepting Woodard's guilty plea and adjudicating
him guilty."  387 F.3d at 1330.  While this language,
at first glance, sounds unequivocal and on-point in
Glover's case, the Eleventh Circuit created confusion

**8**

by not distinguishing between 'conducting a plea colloquy' and 'accepting a plea.' For example, the court summarized its holding elsewhere in the *Woodard* opinion as recognizing that "the FMA authorizes a magistrate judge, with the defendant's consent, to conduct Rule 11 proceedings," without saying anything about whether magistrate judges may accept the guilty plea. *Id.* at 1331. The same modest gloss on the holding appears later in the opinion as well: "[W]e find that conducting a Rule 11 proceeding is comparable to the FMA's enumerated duties." *Id.* at 1333. Again, the court appears to treat administering the plea colloquy as tantamount to accepting the plea itself.

Much of the opinion's reasoning reflects this slippage. The Eleventh Circuit determined that taking a defendant's plea fell within the FMA's catch-all provision because "conducting a plea colloquy, while important, is less complex than several of the duties the FMA expressly authorizes magistrate judges to perform." *Id.* at 1332 (internal quotation marks

omitted).  That may be true, but the defendant's appeal focused on whether the magistrate judge could accept his plea, not merely on whether the magistrate judge could administer the colloquy.  The Eleventh Circuit also emphasized repeatedly that its holding aligned with six of its sister circuits, but most of those circuits dealt with cases in which the magistrate judge had not actually accepted the plea.  *See United States v. Osborne*, 345 F.3d 281, 283 (4th Cir. 2003); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003); *United States v. Dees*, 125 F.3d 261, 263 (5th Cir. 1997); *United States v. Torres*, 258 F.3d 791, 793 (8th Cir. 2001).  Those circuits held only that magistrate judges could, consistent with the FMA, conduct the plea colloquy.

The defendant in *Woodard* raised this point in his briefing, arguing that most of the circuit court authority involved magistrate judges' administering the Rule 11 colloquy and recommending that the district court judges adjudicate the defendants guilty; the

10

magistrate judges did not accept the pleas themselves. The Eleventh Circuit acknowledged that "the [circuit court] decisions reveal a lack of uniformity in the language used by magistrate judges" during plea colloquies. *Woodard*, 387 F.3d at 1334. Some magistrate judges purported to accept the pleas, while others recommended that the district court judges accept them. The Eleventh Circuit did not pay much mind to these differences, explaining that "the critical factor in all of the decisions was that a district court, as a matter of law, retained the ability to review the Rule 11 hearing *if requested*." *Id.* (emphasis in original). The district court in *Woodard* retained "ultimate decision-making authority," and the defendant could raise any objections to the magistrate judge's conduct during the sentencing hearing. *Id.*

The Eleventh Circuit revisited *Woodard* in *Brown v. United States*, 748 F.3d 1045 (11th Cir. 2014). In *Brown*, the appellate court held that magistrate judges

could not enter final orders on defendants' motions under 28 U.S.C. § 2255.  If magistrate judges could do so, there would be no opportunity for district-court review.  The Eleventh Circuit pointed to *Woodard* as an example illustrating that delegations to magistrate judges under the FMA's catch-all provision generally require the district courts to retain some level of oversight.

In a footnote, the Eleventh Circuit declared that it needed to "clarify [its] reasoning in [*Woodard*]." *Brown*, 748 F.3d at 1071 n.53.  The court explained:

> "We held in *Woodard* that there was no error, statutory or constitutional, in the magistrate judge accepting Woodard's guilty plea and adjudicating him guilty.  But that holding overlooked the mechanics of the district court's actions in that case.  For although the magistrate judge purported to adjudge the defendant guilty, it was the district court that actually entered judgment.  That is, the magistrate judge did not make the final adjudication of guilt."

*Id.* (internal citation and quotation marks omitted).

The court in *Brown* then reexamined the discrepancy that the *Woodard* court had observed in "magistrate

12

judges categoriz[ing] their actions as an acceptance of a plea or a report and recommendation." *Id.* The court elaborated: "We believe that there is value in uniformity; thus we clarify today that the magistrate judge's action in such proceedings are *akin to a report and recommendation* rather than a final adjudication of guilt." *Id.* (emphasis added).

The best reading of *Woodard*, in light of *Brown*, may be that magistrate judges may conduct plea colloquies but may not adjudicate defendants guilty. And, when magistrate judges administer plea colloquies, they do not accept the defendant's plea; instead, they are, as a practical matter, issuing a recommendation.

However, *Brown* discusses the acts of accepting the plea and adjudicating a defendant guilty somewhat interchangeably, much like the *Woodard* opinion often conflated the acts of accepting the plea and conducting the plea colloquy. In other words, the *Brown* court construed the act of accepting a plea as tantamount to entering final judgment on a defendant's guilt. By

13

contrast, Rule 11 describes the acts of accepting a plea and entering a final judgment as two distinct events.  After all, defendants' freedom to withdraw their pleas is restricted in the window between when their pleas are accepted and when the court sentences the defendant, which is when the district court enters final judgment.  For that window to exist, and for Rule 11(d) to serve any purpose, the two events must be discrete.  This is all to say that ambiguity remains over whether, for the purposes of Rule 11, a magistrate judge can accept a felony defendant's plea.

To illustrate the court's concerns, consider the Eleventh Circuit's unpublished opinion in *United States v. Chiddo*, 737 F. App'x 917 (11th Cir. 2018) (per curiam).  For present purposes, the most relevant part of *Chiddo* is when the court, in a footnote, disposes of the defendant's argument that the magistrate judge lacked authority "to accept his guilty plea."  737 F. App'x at 921 n.7.  The Eleventh Circuit countered that, under *Brown*, "a magistrate judge's actions in a Rule 11

**14**

proceeding are effectively an R&R, not a final adjudication of guilt." *Id.* But, throughout the body of the opinion, the Eleventh Circuit discusses how magistrate judges have the authority to "conduct a Rule 11 hearing and accept a guilty plea." *Id.* at 920. As *Chiddo* demonstrates, the Eleventh Circuit at times uses the phrase 'accept a guilty plea' to mean 'make a final adjudication of guilt,' and other times, it uses the phrase 'accept a guilty plea' to mean 'issue a report and recommendation.' The court requires clarification about what implications the imprecision in the Eleventh Circuit's language has for Glover's oral motion to withdraw his guilty plea under Rule 11.


## IV. OTHER CIRCUITS

The court briefly highlights cases from two other circuits that the parties may find instructive.

In *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), the Seventh Circuit held that the FMA does not permit magistrate judges to accept defendants' guilty

pleas.  The court reasoned that accepting a guilty plea is not "comparable in responsibility and importance to" the duties enumerated in the FMA.  758 F.3d at 888 (quoting *Peretz*, 501 U.S. at 933).  A guilty plea effects a "final and consequential shift in a defendant's status" and requires a defendant to surrender certain constitutional rights.  *Harden*, 758 F.3d at 889.  The Seventh Circuit determined that "[a] felony guilty plea is equal in importance to a felony trial leading to a verdict of guilty"; because magistrate judges cannot preside over felony trials, they cannot accept guilty pleas either.  *Id.* at 891.

The Seventh Circuit claimed to create a circuit split, citing *Woodard* for the proposition that the Eleventh Circuit allows magistrate judges to accept guilty pleas in felony cases with defendants' consent. The Seventh Circuit may have mischaracterized *Woodard* by failing to account for *Brown*, which came out shortly before the Seventh Circuit issued its decision in *Harden*.

The Tenth Circuit allows magistrate judges to accept defendants' pleas.  But the court in *United States v. Garcia*, 936 F.3d 1128 (10th Cir. 2019), expressed an interest in overturning the precedent to that effect.  The court highlighted the confusion among circuits about the extent of magistrate judges' power and observed that "[g]iven these distinct approaches to an important aspect of our criminal justice system, the parties and the courts might benefit from clarification by the Supreme Court."  936 F.3d at 1140.  The Tenth Circuit noted that, were it to consider its precedent anew, it would treat the acceptance of guilty pleas as a dispositive matter under Federal Rule of Criminal Procedure 59 and require magistrate judges to issue reports and recommendations after plea colloquies.

***

Accordingly, it is ORDERED that, on or before May 1, 2024, the parties shall file supplemental briefs addressing how to interpret Rule 11(d) and which provision of Rule 11(d) applies to defendant James

17

Glover's motion to withdraw his guilty plea in light of the authority discussed above and any other precedent the parties uncover.   The parties are instructed to conduct additional research into Eleventh Circuit precedent and persuasive authority from other circuits about the extent of magistrate judges' authority to accept defendants' pleas within the meaning of Rule 11.

    DONE, this the 24th day of April, 2024.

                  /s/ Myron H. Thompson
                  UNITED STATES DISTRICT JUDGE