IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cr-58-ECM |
| | ) | [WO] |
| JAMES GLOVER | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On September 20, 2024, the Court sentenced Defendant James Glover ("Glover") to 24 months' imprisonment for crimes committed during his tenure as a United States Postal Service employee.[1] (Doc. 154 at 1–3; doc. 1).[2] At sentencing, the Court ordered Glover to pay restitution to two payees: (1) $46,725.66 to Jack Ingram Motors, Inc. ("Jack Ingram Motors") and (2) $19,409.432 to Reinhardt Motors, Inc. ("Reinhardt Motors"). (Doc. 154 at 7). Now pending before the Court is the parties' joint motion to modify the restitution order. (Doc. 198). Upon consideration of the parties' motion (doc. 198) and related briefing (doc. 200), the Court finds that the motion is due to be granted.

**II. FACTUAL AND PROCEDURAL HISTORY**

On February 8, 2023, a Middle District of Alabama grand jury returned an eight-count indictment against Glover for: (1) postal theft by an employee (Counts 1 & 2); and (2) mail fraud (Counts 3–8). (Doc. 1 at 1–3, paras. 1–5). "Over many months in 2022 in

---

[1] Glover's case was reassigned to the undersigned after his sentencing.

[2] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

Montgomery, Alabama, numerous checks from local addresses were removed from the mail, altered or forged, and cashed or deposited at banks." *United States v. Glover*, 2025 WL 2963607, at *1 (11th Cir. Oct. 21, 2025). As relevant here, checks were stolen from two car dealerships, Jack Ingram Motors and Reinhardt Motors, and deposited into various bank accounts. A jury convicted Glover on Counts 1, 3, 5, and 6, and found him not guilty on Counts 2, 4, and 7; the Government moved to dismiss Count 8. (Doc. 154). The Court sentenced Glover to 24 months' imprisonment and 3 years' supervised release, and further ordered him to pay restitution to Jack Ingram Motors and Reinhardt Motors. (*Id.*). Restitution was ordered based on the checks stolen from Jack Ingram Motors and Reinhardt Motors and deposited into bank accounts.

Glover appealed his convictions and sentence. (*See* doc. 156). During the pendency of his appeal, the Government and Glover jointly moved to amend the Court's restitution Order. (Doc. 191). The Court denied the joint motion to amend "without prejudice with leave to refile after [Glover's] appeal has concluded." (Doc. 194). Glover's convictions and sentence were affirmed on appeal. *Glover*, 2025 WL 2963607, at *1, *6. Thereafter, the parties jointly moved to modify the Court's restitution order. (Doc. 198).[3]

### III. DISCUSSION

The parties request that the Court modify Glover's restitution order to reflect the proper payees and the proper restitution amounts. Regarding the payees, the parties submit that neither they nor the sentencing court contemplated at sentencing that, under state law,

---

[3] On or about October 9, 2025, Glover completed his custodial sentenced and began his term of supervised release. (Doc. 197).

the banks on which the checks were drawn were ultimately liable for any improperly disbursed funds.  Here, Bank of America was Jack Ingram Motors' bank, and Truist Bank was Reinhardt Motors' bank.  Consequently, the victims who actually incurred losses were the car dealerships' banks—not the car dealerships themselves.  Additionally, the parties contend that the proper restitution amounts are not the amounts of the fraudulent deposits but instead are any amounts obtained by withdrawal from the car dealerships' banks.  The parties further represent that, based on communications with Bank of America and Reinhardt Motors, Bank of America incurred no loss, and Truist Bank incurred a loss of $12,637.90.  Thus, the parties submit that Glover's judgment should be modified to reflect that restitution is owed to Truist Bank in the amount of $12,637.90.

The parties assert that Rule 36 of the Federal Rules of Criminal Procedure authorizes the Court to correct the restitution order.  Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  In the Eleventh Circuit, Rule 36 "may not be used 'to make a substantive alteration to a criminal sentence.'" *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (per curiam) (citation omitted).  In *Portillo*, the Eleventh Circuit upheld the district court's order correcting a defendant's criminal judgment pursuant to Rule 36 to substitute the correct restitution payees and to delete a requirement that the defendant's restitution be paid jointly and severally with a codefendant. *Id.* at 1163–64.  The court reasoned that the correction of the judgment to change the payees reflected a mistake that was "clerical in that it was minor and mechanical in nature." *Id.* at 1165.  The court further

3

reasoned that the Rule 36 order "did not fundamentally alter [the defendant's] sentence, because it did not increase the restitution amount initially imposed at sentencing" but instead "merely changed the payees . . . to the [victims] who were directly injured by [the defendant's] crime." *Id.* Further, the court concluded that the deletion of the joint and several liability requirement corrected "an error in the record arising from oversight or omission," and was thus permitted by Rule 36, because the district court at sentencing overlooked the fact that the codefendant, who was sentenced two years earlier, had not been ordered to pay restitution. *Id.* The court reasoned that this correction "did not make [the defendant's] sentence more onerous." *Id.*

On this record, and based on the parties' agreement, the Court finds that correction of the restitution order pursuant to Rule 36 is warranted. To correct a clerical error and/or an error arising from an oversight regarding which party would be liable for any improperly disbursed funds, the restitution order is due to be corrected to change the restitution payee to Truist Bank. Moreover, this correction does not increase the restitution amount or make Glover's sentence more onerous; instead, it ensures compensation for the victim who was directly injured by Glover's crimes. *See id.* Similarly, correction of the amount owed is warranted under the circumstances of this case, and it will decrease, not increase, the defendant's restitution obligation. For these reasons, the Court finds that the parties' motion is due to be granted.

## IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

4

ORDERED the parties' joint motion to modify restitution (doc. 198) is GRANTED as follows:

1.    Defendant James Glover shall pay restitution in the amount of $12,637.90 to Truist Bank, Attn: Restitution Coordinator, PO Box 85041 – Mail Code: 306-40-06-60, Richmond, VA 23285-5041, payable at the rate of not less than $100.00 per month.  Interest on restitution is waived.

2.    If restitution becomes delinquent or in default, the Defendant may be subject to penalties. *See* 18 U.S.C. § 3612(g).

3.    All restitution payments shall be made to the Clerk of the Court, One Church Street, Montgomery, Alabama 36104, for distribution to Truist Bank.

The Court will enter an Amended Judgment consistent with this Memorandum Opinion and Order.

DONE this 23rd day of June, 2026.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE